SYDNEY B. MACK, III
v.
BATON ROUGE GENERAL MEDICAL CENTER.
No. 2007 CA 0439.
Court of Appeals of Louisiana, First Circuit.
November 7, 2007.
NOT DESIGNATED FOR PUBLICATION.
DONNA U. GRODNER, CHARLOTTE C. McDANIEL, McGEHEE, Attorneys for Plaintiff/Appellee, Sydney B. Mack, III.
DAVID F. ZUBER, Attorney for Defendant/Appellant Baton Rouge General Medical Center.
Before GAIDRY, MCDONALD and MCCLENDON, JJ.
MCDONALD, J.
Baton Rouge General Medical Center appeals a judgment of the Nineteenth Judicial District Court finding that a debt had prescribed. For the following reasons, we affirm the judgment of the trial court.
On May 16, 2002, Sydney Mack was injured in an automobile accident for which he received treatment at Baton Rouge General Medical Center (BRGMC). Upon his admission to BRGMC, Mr. Mack executed a Treatment Authorization and Financial Assignments contract, which provided for personal responsibility for the payment of all charges incurred for treatment, and further provided that, in the event BRGMC was required to take legal action to recover the debt, a charge of an additional 33 1/3% is incurred. The total amount of the medical services, supplies and treatment Mr. Mack received was $4,251.50. Mr. Mack did not pay any of the debt to BRGMC, and failed to respond to attempts by BRGMC to contact him to resolve the delinquent account.
As a result of the accident a lawsuit was filed on May 9, 2003, in which Mr. Mack was named as a defendant. On August 8, 2003, Mr. Mack filed a reconventional demand asserting that the plaintiff was at fault and liable to Mr. Mack for his injuries, including medical treatment at BRGMC necessitated by the injuries. BRGMC did not learn of the lawsuit until September 23, 2005, when it received a letter from Mr. Mack's legal counsel requesting his medical records. BRGMC asserted its medical services lien in accordance with La. R.S. 9:4751 on October 10, 2005.
Mr. Mack's attorney submitted a settlement demand of $35,000.00 on August 31, 2005. Subsequently, correspondence was submitted on behalf of Mr. Mack offering to settle his claim for policy limits, $10,000.00 plus reasonable costs. In November 2005, several letters were sent on behalf of Mr. Mack to BRGMC regarding its lien, and requesting a reduction in the lien amount of $4,251.50. The correspondence indicated that Mr. Mack was not being fully compensated for the accident, and requested that BRGMC reduce the amount of the lien to $2,800.00 so that the matter could be settled. BRGMC would not reduce the amount due on the account. On February 23, 2006, Mr. Mack's reconventional demand was dismissed with prejudice.
Mr. Mack filed a petition for concursus and alternatively for declaratory judgment on February 21, 2006, naming BRGMC as defendant, alleging that BRGMC improperly filed a lien, and seeking a ruling from the court that the lien filed was insufficient pursuant to La. R.S. 9:4753. BRGMC answered and filed a reconventional demand seeking the balance due on Mr. Mack's account of $4,251.50, as well as an additional 33 1/3% for cost of collection. Mr. Mack filed a peremptory exception of prescription asserting that an open account for medical services prescribes in three years and BRGMC's debt had prescribed. The exception was set for hearing on December 4, 2006.
At the hearing on December 4, 2006, the trial court found that the matter was not a concursus and granted a summary judgment declaring that the BRGMC debt had prescribed. BRGMC appeals this judgment of the trial court alleging: (1) The trial court erred as a matter of law by its application of the incorrect evidentiary standard for acknowledgment and by failing to strictly construe the applicable prescriptive statutes; (2) The trial court erred as a matter of law by finding that Sidney Mack had not judicially admitted his debt to BRGMC sufficient to interrupt prescription based on acknowledgement; (3) The trial court's ruling is erroneous as a matter of law because it does not comport with the well-established principles of tort recovery, prescription, equity and contra non valentum; (4) The trial court erred as a matter of law by not finding that Sidney Mack's execution of BRGMC's Treatment Authorization and Financial Assignments contract subjects BRGMC's claim to the ten-year prescriptive period for personal actions.
The first two of BRGMC's assignments of error address the issue of acknowledgment of the debt. An action for the recovery of compensation for services rendered, including professional fees, is subject to a liberative prescription period of three years. An action on an open account is also subject to the three-year prescriptive period. La. C.C. art. 3494. BRGMC argues, citing Lima v Schmidt, 595 So.2d 624, 629 (La. 1992), that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. We agree. However, the "construction" urged by BRGMC is based on an alleged acknowledgment of the debt by Mr. Mack, and we do not agree that Mr. Mack acknowledged the debt sufficiently to interrupt prescription.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. BRGMC asserts that Mr. Mack acknowledged the debt in his reconventional demand and also in the answer to interrogatories propounded by BRGMC after September 2005. We note that the answers to interrogatories could not have "interrupted" prescription because the debt incurred by Mr. Mack for treatment at BRGMC on May 16, 2002, prescribed in May 2005, and the interrogatories were not propounded until after BRGMC had notice of the lawsuit in September 2005. The facts here are distinguishable from jurisprudence cited by BRGMC. We find no legal error in the trial court's conclusion that the reconventional demand filed by Mr. Mack did not constitute an acknowledgment.
BRGMC further argues that the proper evidentiary standard of acknowledgment requires a consideration of the totality of the surrounding facts and circumstances. We agree. BRGMC asserts that the facts and circumstances surrounding this matter should defeat prescription because it does not "comport with the well-established principles of tort recovery, prescription, equity and contra non valentem." Under the facts here, Mr. Mack's reconventional demand in the personal injury case, seeking compensation for medical treatment received at BRGMC, is not sufficient to constitute an acknowledgement. Nor can we consider principles of tort recovery and equity to reach the result urged by BRGMC when we find that the law requires a different result. BRGMC made a reasonable business decision not to file suit for the amount owed it by Mr. Mack. Arguably, Mr. Mack has a moral obligation; however, his legal obligation was extinguished when BRGMC failed to institute legal proceedings necessary to preserve its rights to collect the debt within the applicable prescriptive period of three years.
We agree with the trial court that signing BRGMC's Treatment Authorization and Financial Assignments contract did not convert this open account for professional services into a personal action with a ten-year prescriptive period. As noted by the court, there is a specific statutory scheme providing that open accounts and service accounts prescribe in 3 years. Also, there are many service agreements subject to a 3-year prescriptive period that contain contracts agreeing to pay, including provisions for an additional charge for attorney fees when necessary for collection. To convert all of these open or service accounts from a three-year to a ten-year prescriptive period because a contract is signed in conjunction with the account would defeat the entire statutory scheme.
BRGMC also filed a motion to supplement the record with an additional memorandum, which was referred by a writ panel of this court to the merits to be addressed by this panel. The motion is granted.
Based on the foregoing, the judgment of the trial court is affirmed, and this opinion is issued in accordance with Uniform Rules, Courts of Appeal, Rule 2.16.1.B. Costs of this appeal are assessed against Baton Rouge General Medical Center.
AFFIRMED.